**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ROBERT L. MATHEWS,

      Appellant,

v.                                                                                    Case No. 3:07-cv-121-J-32

AARON R. COHEN, as Chapter 7
Trustee,

      Appellee.

_____

## <u>ORDER</u>

This case is before the Court following an appeal by Debtor-appellant Robert

L. Mathews of an Order of the United States Bankruptcy Court for the Middle

District of Florida, dated January 18, 2007, denying Debtor's claim of exemption for

certain stock because it was not owned as a tenancy by the entireties.  The Order

and the bankruptcy court's Findings of Fact and Conclusions of Law which support

this Order are published.  In re Mathews, 360 B.R. 732 (Bankr. M.D. Fla. 2007).

After briefing, the Court held oral argument on October 25, 2007.

### I.    **Procedural History**

Debtor filed for Chapter 7 bankruptcy relief on September 29, 2005 and

claimed the following property as exempt based on ownership as tenancy by the

entireties:  (i) a boat slip at the Conch House Marina in St. Augustine, Florida ; (ii)

two parcels of real property located in Jacksonville, Florida which Debtor describes

as "Highway Avenue Property" and "Picketville Property"; (iii) household goods and

furnishings owned by Debtor and his non-filing spouse, Joyce Mathews; (iv) stock

in First National Bank of Orange Park, Florida,[1] and (v) an American Express

mutual fund account.  Trustee objected to a number of these claims of exemptions.

The bankruptcy court concluded that the household goods and furnishings,

the boat slip, the Highway Avenue Property and the Picketville Property, are

owned as tenancy by the entireties and are therefore exempt.  However, the court

concluded that the mutual fund account and the First National Banc stock were not

owned by Debtor and his wife as tenants by the entireties and as such are not

exempt.

Debtor timely filed his notice of appeal contending that the bankruptcy court

erroneously concluded that the First National Banc stock is not exempt.  That is

the only issue on appeal.

---

[1]   Debtor filed an Amendment to Schedule B and C, before the bankruptcy court issued its Findings of Facts and Conclusions of Law, claiming as exempt First National Banc, Inc. stock acquired through merger of First National Bank, Orange Park, Florida and First National Banc, Inc.  The Court will refer to the stock at issue here as "First National Banc stock."

## II.     **Factual Background**[2]

Debtor and his wife purchased 5,000 shares of First National Bank of

Orange Park, Florida common stock in 1999.  The stock certificate for these

shares is titled "ROBERT L. MATHEWS or JOYCE M. MATHEWS (JTWROS)".  In

connection with this stock purchase, on April 14, 1999, Debtor signed a document

titled "STOCK CERTIFICATE REGISTRATION INSTRUCTIONS" which provided

Debtor with five ownership options: Individual, Tenants in Common, Other, Joint

Tenants with Rights of Survivorship, and Uniform Gift to Minors.  Debtor checked

the blank next to  "Joint Tenants with Rights of Survivorship."

Debtor was the director of First National Bank of Orange Park from the time

he purchased the stock up until the time he filed his bankruptcy petition.  He

admitted that he never filled out any forms associated with the stock.  He testified

that "somebody else" wrote "JT TEN" on the "ELECTION FORM AND LETTER OF

TRANSMITTAL" and that he merely received these items as they were titled and

took no action to change them.   As a result, all the documents related to the stock

were titled to Debtor and his wife as joint tenants with right of survivorship.

When First National Bank of Orange Park merged with First National Banc,

a new stock certificate was issued and was titled the same way as the First

---

[2]     The following facts are not disputed and are contained in the bankruptcy record
on appeal.  (See generally Doc. 1, Doc. 7.)

National Bank of Orange Park shares.  Debtor did not request the title to the First

National Banc stock be any different than that of the First National Bank of Orange

Park.

After the petition date, First National Banc was acquired by Ameris Bancorp.

Debtor and his wife received 4,250 shares of Ameris Bancorp common stock and

$85,595 in cash from the acquiring entity in exchange for their First National Banc

shares.  The new stock issued was titled "ROBERT L MATHEWS & JOYCE M

MATHEWS JT TEN."

III.    **Jurisdiction and Standard of Review**

This Court is sitting in an appellate capacity.  See 28 U.S.C.§ 158.  It

therefore must review the bankruptcy court's legal conclusions de novo and must

accept the bankruptcy court's factual findings unless they are clearly erroneous.

See, e.g., In re Englander, 95 F.3d 1028, 1030 (11th Cir. 1996).  Although the

parties disagree on the standard of review that should be applied in this case,[3] the

issue on appeal is a question of law concerning the proper application of the

Florida Supreme Court's decision in Beal Bank v. Almand & Assocs., 780 So.2d 45

---

[3]    Debtor argues that a de novo standard of review should apply because the
legal significance afforded to the underlying facts is at issue in this case.  See In re
Optical Technologies, Inc., 252 B.R. 531, 533 (Bankr. M.D. Fla. 2000).  Trustee
contends that the bankruptcy court's conclusion that a tenancy by the entireties was
not created is based upon its findings of fact and should be reviewed for clear error.
See Fed. R. Bankr. P. 8013.

Case 3:07-cv-00121-TJC   Document 16   Filed 12/21/07   Page 5 of 14 PageID 497

(Fla. 2001) and will be reviewed de novo.

## IV.    Discussion

The sole issue on appeal is whether on the petition date Debtor and his wife

owned the First National Banc stock as tenants by the entireties.  Section

522(b)(3)(B) of the Bankruptcy Code exempts from the bankruptcy estate any

interest in property held as a tenancy by the entireties under applicable state law.

11 U.S.C. § 522(b)(3)(B).  Here, the applicable law is Florida law, "pursuant to

which the Court must evaluate the debtor's claim of exemption."  In re Hinton, 2007

WL 3051264, at * 2 (Bankr. M.D. Fla. Oct. 1, 2007); see also In re Sinnreich, 391

F.3d 1295, 1297 (11th Cir. 2004) ("The nature of a bankrupt's interest in property is

determined by state law.") (citing Butner v. United States, 440 U.S. 48, 55 (1979)).

In Florida, a married couple is entitled to own property as tenants by the

entireties but may also choose to hold property as joint tenants with right of

survivorship.  Beal Bank, 780 So. 2d at 53.[4]  Although these two forms of

ownership share similar characteristics, "there are significant differences in the

legal consequences between the forms of ownerships when creditors of one

spouse seek to garnish these assets, when one spouse declares bankruptcy, or

when one spouse attempts to recover monies transferred without his or her

---

[4]    A married couple may also hold property as tenants in common but that type of ownership is not at issue here.

permission." Id.  Property held as tenancy by the entireties belongs to neither

spouse individually, rather each spouse is seized of the whole.  Id.  By contrast, in

a joint tenancy with right of survivorship, each spouse is presumed to own an

equal share for purposes of alienation; but for purposes of survivorship, each

spouse owns the whole so that upon death the entire remainder of the whole

passes to the survivor.  Id.  Accordingly, when property is held as a tenancy by the

entireties, the property cannot be reached by a creditor to satisfy the debt of only

one spouse.  Id.  However, if property is held as a joint tenancy with right of

survivorship, a creditor holding debt against only one spouse may attach the

debtor's share of the property, leaving the share of the non-debtor spouse

unaffected.  Id.

       Florida law has long followed the rule that real property in both a husband

and wife's name is presumed to be held as a tenancy by the entireties as long as

the "six unities" of marriage, possession, interest, title, time and right of

survivorship are present.  Id. at 52.  However, Florida courts had historically

imposed a different standard in determining whether jointly titled marital personal

property is held as a tenancy by the entireties.  See First Nat'l Bank of Leesburg v.

Hector Supply Co., 254 So. 2d 777, 780 (Fla. 1971).  In Beal Bank, the Florida

Supreme Court reconciled these standards holding that jointly titled marital bank

accounts should enjoy the same presumption in favor of a tenancy by the

entireties.  780 So. 2d at 58.  The Court in Beal Bank receded from its decision in

Hector Supply and concluded that strong "policy considerations favor allowing the

presumption in favor of a tenancy by the entireties when a married couple jointly

owns personal property." Id. at 57, 62.  While the personal property at issue in Beal

Bank was bank accounts, later cases have extended the Beal Bank rationale to

other forms of personal property.  See  Cacciatore v. Fisherman's Wharf Realty

Ltd. P'ship, 821 So. 2d 1251, 1253  (Fla. 4th DCA 2002) (extending the Beal Bank

holding to stock certificates); In re Daniels, 309 B.R. 54, 59 (Bankr. M.D. Fla. 2004)

(confirming that the Beal Bank presumption generally applies to jointly owned

personal property, not just to financial accounts); In re Kossow, 325 B.R. 478, 484

(Bankr. S.D. Fla. 2005) (applying the Beal Bank presumption to household

furnishings).[5]  Here, the bankruptcy court aligned itself with these cases and

applied  Beal Bank to the disputed stock.  In re Mathews, 360 B.R. at 742.

However, the Beal Bank presumption does not apply if the debtor expressly

disclaims that the account is held as a tenancy by the entireties.  Beal Bank, 780

---

[5]   See also In re Hinton, 2007 WL 3051264, at *3 ("in the absence of any
controlling statute, express agreement, account statement, or other governing indicia
that explicitly establishes a form of ownership other than tenancy by the entireties,
Beal Bank's presumption also is applicable to all personal property")(internal
quotations omitted); cf. Xayavong v. Sunny Gifts, Inc., 891 So. 2d 1075, 1078 (4th
DCA 2005) (explaining that Beal Bank does not apply when a "statute that specifically
prescribes how to create a co-ownership interest in a particular variety of personal
property" controls).

So. 2d at 60.

> An express disclaimer can take the form of an express statement signed by the depositor that a tenancy by the entireties was not intended, coupled with an express designation of another form of legal ownership. Alternatively, an express disclaimer of an intent not to hold the account as a tenancy by the entireties arises if the financial institution affirmatively provides the depositors with the option on the signature card to select a tenancy by the entireties among other options, and the depositors expressly select another form of ownership . . . .

Id.  A statement on a signature card of a bank account that the property is "held as a joint tenancy with right of survivorship does not alone constitute an express disclaimer that the account is not held as a tenancy by the entireties.  This is because a tenancy by the entireties is essentially a joint tenancy, modified by the common-law doctrine that husband and wife are one person."  Id. (citation omitted) (internal quotations omitted).

In the absence of an express disclaimer, there arises a rebuttable presumption that a tenancy by the entireties was created.  Id. at 58.  This presumption shifts to the party opposing entireties ownership the burden of proving by a preponderance of the evidence that a tenancy by the entireties was not created.  Id. at 58-59.

Thus, in this context, the Beal Bank protocol requires that the bankruptcy court first determine whether the Debtor has expressly disclaimed tenancy by the

entireties ownership.  If the Debtor has done so, the inquiry is complete and the

personal property is not held by the entireties.[6]  Id. at 60.  If there is no express

disclaimer and the six unities are present, a rebuttable presumption arises that the

jointly titled spousal personal property is held as a tenancy by the entireties,

shifting the burden to the Trustee to prove by a preponderance of the evidence

that the property is not held by the entireties.   Id. at 58 - 59.

Invoking the Beal Bank regime, the bankruptcy court reasoned:

> While there is a presumption that Debtor owned the
> Stock with Mrs. Mathews as tenants by the entireties, the
> Trustee has proven by a preponderance of the evidence
> that a tenancy was not created.   The original stock
> certificate for the Stock of First National Bank of Orange
> Park is specifically titled "ROBERT L. MATHEWS OR
> JOYCE M. MATHEWS (JTWROS)".[7]   The Registration
> Form was checked off as "Joint Tenants with Right of
> Survivorship".  Debtor testified, and Mr. Beaty confirmed,
> that the First National Banc stock certificate was titled the
> same way as the First National Bank of Orange Park stock
> certificate.  Even though Debtor was a director of the bank,
> he never took any steps to change how the original stock
> certificate was titled.
>   On the Election Form relating to the Ameris Bancorp
> merger, Debtor wrote in "Robert L. or Joyce M. Mathews".
> The Ameris Bancorp stock certificate issued postpetition is
> titled "ROBERT L MATHEWS & JOYCE M MATHEWS JT

---

[6]    Of course, an express designation that the personal property is held as tenancy
by the entireties would also be honored and the inquiry ended.  Beal Bank, 780 So.2d
at 60.

[7]    The use of the conjunction "or" versus the conjunction "and" in the title of the
stock certificate is not dispositive of the type of account that was created.  Beal Bank
v. Almand & Assoc., 780 So. 2d 45, 59 n.18  (Fla. 2001).

> TEN".  Debtor took no action to have the New Stock titled as tenants by the entireties.
>
> Debtor wanted to ensure that he owned all personal property jointly with his wife, Mrs. Mathews, and he testified that he intended to own it jointly with Mrs. Mathews because if he died before her, it would go straight to her without the necessity of probate.  With a joint tenancy, the property would go to Mrs. Mathews without her having to fight in probate court.  <u>As a sophisticated businessman, Debtor knew what he was doing and fully intended to own the Stock as joint tenants with right of survivorship.  Debtor expressly disclaimed ownership as tenancy by the entireties.  Thus, the Trustee has proven by a preponderance of the evidence that a tenancy by the entireties was not created</u>.

In re Mathews, 360 B.R. at 743 (emphasis added).

The bankruptcy court has misapplied the <u>Beal Bank</u> protocol.  The court found that "Debtor expressly disclaimed ownership as tenancy by the entireties." <u>Id.</u>  However, the bankruptcy court also applied the rebuttable presumption and concluded that Trustee had rebutted it and "proven by a preponderance of the evidence that a tenancy by the entireties was not created."  <u>Id.</u>  Yet, if there really was an express disclaimer, the presumption was irrelevant, there was no need to evaluate the other evidence and there was no entireties ownership.  <u>Beal Bank</u>, 780 So. 2d at 60-61.  Thus, the bankruptcy court has improperly combined two different aspects of the <u>Beal Bank</u> analysis.

Trustee argues, in effect, that none of this matters because there <u>was</u> an express disclaimer of entireties ownership, as the bankruptcy court found.  Trustee

contends that Debtor and his spouse did expressly disclaim entireties ownership because they selected "Joint Tenancy with Rights of Survivorship" on the back of the stock certificate when they could have selected the option "Other" if they intended to own the stock as a tenants by the entireties.  (Doc. 9 at 21.)  According to Beal Bank, however, selection of another form of ownership on the back of a certificate is not an express disclaimer unless the documentation affirmatively provides the debtor with an option to select tenancy by the entireties.  780 So. 2d at 60; see also In re Caliri, 347 B.R. 788, 800 (Bankr. M.D. Fla. 2006) (noting that when uncertainty exists regarding the form of ownership and whether Debtor and spouse expressly disclaimed ownership as tenants by the entireties, "the scales must tip in favor of the debtor pursuant to Beal Bank . . . .").  The stock certificate in this case did not expressly provide Debtor with an option to select tenancy by the entireties as a form of ownership; thus the bankruptcy court erred in concluding that Debtor expressly disclaimed tenancy by the entireties.[8]

It is true that although Debtor did not expressly disclaim tenancy by the entireties, Trustee could still overcome the rebuttable presumption of entireties ownership if he proved by a preponderance of the evidence that Debtor did not

_____

[8]   In contrast, the bankruptcy court correctly concluded that Debtor and his spouse expressly disclaimed tenancy by the entireties ownership of the mutual fund account because the account documentation affirmatively provided Debtor with an option to select "Tenants by the Entirety" and he selected "Joint Tenant" ownership. In re Mathews, 360 B.R. at 745.

create a tenancy by the entireties.  Beal Bank, 780 So. 2d at 58.  However,

because the bankruptcy court misapplied Beal Bank and erroneously found an

express waiver, this Court cannot be confident that the bankruptcy court's decision

that the Trustee had rebutted the presumption would have been the same if it had

correctly followed the Beal Bank protocol.

Moreover, the evidence on which the bankruptcy court relied to find that the

presumption was overcome and that a tenancy by the entireties was not created

was far from overwhelming.  For example, the bankruptcy court relied on the fact

that Debtor, who was director of First National Bank of Orange Park, had the

ability to change the title of the stock certificate but failed to do so.  In re Mathews,

360 B.R. at 743.  However, it is not clear that the Debtor had any obligation to do

so or that failure to do so is evidence of intent not to create a tenancy by the

entireties.  Indeed, the Florida Supreme Court in Beal Bank seemed to agree with

the proposition that "a rebuttable presumption that a marital account is held as

tenancy by the entireties property . . . would conserve judicial resources and

solidify the legitimate expectations of borrowers and lenders."  Beal Bank, 780 So.

2d at 58 (emphasis added).

The bankruptcy court also relied on post-petition evidence to support its

conclusion.  In re Mathews, 360 B.R. at 743.  Generally, post-petition events

should not be considered in determining a debtor's entitlement to an exemption.

See, e.g., In re Mohammed, 376 B.R. 38, 41 (Bankr. S.D. Fla. 2007) ("Bankruptcy exemptions are determined by application of law to facts as the law and facts exist at filing of the petition, not earlier or later."); In re Cunningham, 354 B.R. 547, 553 (D. Mass. 2006) ("It is hornbook bankruptcy law that a debtor's exemptions are determined as of the time of the filing of his petition.  This means the Court must focus only on the law and facts as they exist on the date of filing the petition") (citations omitted)(internal quotations omitted).  If, as argued by the Trustee, this rule does not apply in this case, the bankruptcy court should articulate why this is so.

    Although the Court is reluctant to remand, this Court, sitting in an appellate capacity, cannot do the fact-finding required once Beal Bank is properly applied.  Therefore, without prejudging the final result, the Court **REMANDS** for the bankruptcy court to reconsider its Order, dated January 18, 2007, in a manner consistent with this opinion.  The Clerk should close the file.

    **DONE AND ORDERED** at Jacksonville, Florida this 21st day of December, 2007.

TIMOTHY J. CORRIGAN
United States District Judge

13

r/jl
Copies:
The Honorable Jerry A. Funk
        United States Bankruptcy Judge
counsel of record

14